UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW J. KREUZER,<br>             Plaintiff | )<br>)<br>)<br>)<br>) |
| v. | ) Civil Action No. 06-30163-KPN<br>)<br>)<br>) |
| LIFE INVESTORS INSURANCE<br>COMPANY OF AMERICA,<br>             Defendant | )<br>)<br>) |

JURY INSTRUCTIONS
December 18, 2007

1.   It is now my duty to instruct you as to the law which applies to this case.  I urge you to pay close attention.  You will also have a copy of the instructions in the jury room with you.  The instructions cover four subject areas -- general comments; evidence; the burden of proof; and the elements of the case.

**I. GENERAL COMMENTS**

2.   You have been chosen and sworn as jurors to try the issues of fact presented in this case by the complaint of the plaintiff, Matthew Kreuzer, and by the answer of the defendant, Life Investors Insurance Company of America.  You are to perform your duty without bias or prejudice to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict, regardless of

the consequences.

3. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

4. It is also your duty as jurors to follow the law as stated in my instructions and to apply the rules of law to the facts as you find them from the evidence. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

5. Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion might be. It is not my function to determine the facts. It is yours.

6. During the course of the trial, I have occasionally asked questions of a witness in order to bring out facts not then fully covered in the testimony. Do not assume that I hold any opinion on the matters to which my questions may have related.

7. As I indicated in my instructions at the beginning of the case, it is the duty of each attorney to object when the other side offers testimony or evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections or because of my ruling on any objection.

**II. EVIDENCE**

8. Statements and arguments of counsel are not evidence in the case.

9.  Similarly, any evidence as to which I sustained an objection, and any evidence I ordered stricken, must be entirely disregarded by you in your deliberations.

10. In addition, unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

11. As I previously explained, there are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts. One is direct evidence--such as the testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of circumstances pointing to the existence or non-existence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accord with the preponderance of all the evidence, both direct and circumstantial.

12. The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; all facts which may have been admitted or stipulated; and all facts and evidence which may have been judicially noticed.

13. As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it. At times during the trial I may have sustained objections to questions asked without permitting the witness to answer or, where an answer has been made, have instructed that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference from an unanswered question nor may you speculate as to what the witness would have said if the witness had been

permitted to answer the question.

14.     In determining what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give to his or her testimony.  There is no magical formula by which one may evaluate testimony.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.  You should carefully scrutinize the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  In addition, in your consideration of the evidence, you are permitted to draw such reasonable inferences as seem justified in the light of your experience.

15.     Finally, the rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining whether a fact in issue is more likely true than not true, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.  Expert opinion, however, must be based on the expert's direct personal knowledge, or evidence in the record, or facts or data reasonably relied upon by experts in their particular field in forming opinions or inferences.  An expert's opinion cannot be based on speculation, conjecture or surmise.

16.     You should consider the expert opinions received in evidence in this case and give them such weight as you think they deserve.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the expert's opinions are not

sound, or that the opinions are outweighed by other evidence, then you may disregard that expert's opinion in whole or in part.

### III. BURDEN OF PROOF

17.     The burden of proof in civil cases is for Plaintiff to establish each essential element of a claim by a preponderance of the evidence.  To establish an element of a claim "by a preponderance of the evidence" means to prove that something is more likely so than not so.  In determining whether any fact in issue has been proven by Plaintiff by a preponderance of the evidence, you may consider, unless otherwise instructed, the evidence I spoke of above -- sworn testimony, exhibits, stipulated facts, etc.  In reaching your verdict, you should give to this evidence whatever weight you deem proper.

### IV. ELEMENTS OF THE CASE

18.     This case involves a life insurance policy.  In general terms, a life insurance policy is much like any other contract.  The particular life insurance policy here is an "accidental death" policy issued by Defendant on the life of Charles Land.  As you have heard, Mr. Land was found dead in his apartment on October 12, 2004.  The parties here agree that Plaintiff, Mr. Kreuzer, is the beneficiary of Mr. Land's accidental death policy.

19.     Plaintiff claims that Defendant breached the policy by failing to pay its $100,000 benefit.  As indicated at the beginning of this case, the policy at issue provides for such payment if Mr. Land's death was a "covered accidental injury." According to the policy, a "covered accidental injury" is "a bodily injury caused directly

by an accident, independent of all other causes." It will be up to you to determine whether Plaintiff has proven to you by a preponderance of the evidence that the death of Charles Land was "caused directly by an accident, independent of all other causes." In other words, Plaintiff must prove that the accident was the proximate and sole cause of Mr. Land's death.

## V. CONCLUSION

20.     That completes my instructions to you.  A special verdict question has been prepared for your convenience.  You will take the form containing this question, along with a copy of these instructions, with you to the jury room, where you will deliberate with a view towards reaching a unanimous answer.

### [READ SPECIAL VERDICT FORM]

21.     The answer to the question must be the unanimous answer of the jury. Your foreperson will write the answer of the jury in the space provided beneath the question, and will date and sign the special verdict form when completed.  As is my practice, Juror No. 1 is hereby designated as the jury foreperson.  When you have reached unanimous agreement as to the question on the special verdict form, you will have your foreperson fill in, date and sign the form.  Then, you will return to the courtroom and render your verdict to the Court.

22.     Go now and begin your deliberations.